UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

Plaintiff,

v.

KIM THORNTON, *et al.*,

Defendants.

Case No. 2:26-cv-0565-DAD-JDP (P)

ORDER

Plaintiff, a state prisoner, brings this action under section 1983 and alleges that defendants violated his rights in connection with three unrelated incidents.[1] Unrelated claims against more than one defendant belong in separate lawsuits. I dismiss the complaint with leave to amend so that plaintiff may bring only related claims. Additionally, I will grant his second application to proceed *in forma pauperis*, ECF No. 10, and deny his first, ECF No. 6, as moot. Finally, I will deny plaintiff's motion to appoint counsel. ECF No. 12.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

[1] This action proceeds on plaintiff's first amended complaint, which he filed before his initial complaint was screened. ECF No. 9.

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint contains three unrelated claims. First, he alleges that, in February 2025, he told defendants Thornton and Gervasoni that going to the yard was dangerous for him, because he had been threatened by several gang members. ECF No. 9 at 3. These defendants allegedly ignored his concerns, and sent him to the yard, where he was attacked. *Id.*

Second, plaintiff alleges that months later, in June 2025, a correctional officer named White threw away his property while he was in a mental health crisis bed. *Id.* at 4. He alleges that White did so to discriminate against him for using mental health services. *Id.*

Third, plaintiff alleges that, in April 2025, he fell off a disability ramp while using his walker. *Id.* at 5. He claims that defendant Thornton, the facility warden, was aware the ramps were unsafe, but failed to take any action. *Id.*

These three claims bear no legal or factual relation to each other and, because they implicate more than one defendant, belong in separate suits. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint is dismissed with leave to amend so that he may address this deficiency. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Second Amended Complaint."

Motion to Appoint Counsel

Plaintiff's motion to appoint counsel, ECF No. 12, is denied. He is not entitled to counsel in this civil action, and his motion makes no showing as to why counsel should be appointed on his behalf. As a practical matter, there are few counsel available for appointment in prisoner civil cases, and I am inclined to appoint only in those cases where exceptional circumstances, such as debilitating inmate medical issues or complex claims, exist.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 9, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's second application to proceed *in forma pauperis*, ECF No. 10, is GRANTED and his first application, ECF No. 6, is DENIED as moot.

6. Plaintiff's motion to appoint counsel, ECF No. 12, is DENIED.

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE