UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

Plaintiff,

v.

KIM THORNTON, *et al.*,

Defendants.

Case No. 2:26-cv-0565-DAD-JDP (P)

ORDER

Plaintiff, a state prisoner, brought this action under section 1983. On September 4, 2026, I found that plaintiff's complaint was deficient insofar as it alleged that defendants violated her[1] rights in connection with three unrelated incidents. I informed plaintiff that unrelated claims against more than one defendant belong in separate lawsuits, and dismissed her complaint with leave to amend so that she could remedy this deficiency. Plaintiff has filed an amended complaint that contains the same deficiency. I will offer plaintiff one final opportunity to amend and bring a complaint that contains only related claims. If her next complaint persists in containing multiple, unrelated claims I will drop claims so that only related ones remain.

[1] Plaintiff appears to allege that she is a transgender woman. ECF No. 16 at 3. Accordingly, I will use feminine pronouns to refer to her.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

As before, Plaintiff's complaint contains three unrelated claims. First, she alleges that, in February 2025, she told defendants Thornton and Gervasoni that she had been threatened by several gang members. ECF No. 16 at 3. These defendants allegedly ignored her concerns, and sent her to the yard, where she was injured in an unspecified way. *Id.* This allegation is insufficient, insofar as it provides no specifics as to what concerns were relayed to the defendants, or what specifically befell her on the yard in February.

Second, plaintiff alleges that, on an unspecified date, she fell off a ramp due to "unsafe conditions." *Id.* at 4. It is unclear what "unsafe conditions" plaintiff is referring to or how, as she alleges, it should have been repaired. *Id.*

Third, plaintiff alleges that, in July 2025, she called the Office of the Inspector General and complained of a lack of mental health care. *Id.* at 5. She claims that, instead of provider her with mental health care, she was assessed a loss of credits and privileges. *Id.*

These three claims bear no legal or factual relation to each other and, because they implicate more than one defendant, belong in separate suits. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's complaint is dismissed with leave to amend so that she may address this deficiency. Within thirty days of this order's entry, she must submit an amended complaint or a notice of voluntary dismissal. She is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Third Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 16, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated: October 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE